UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TASHAWN HUNTER, et al.,

          Plaintiffs,

v.

ERIC WILLIAMS, et al.,

          Defendants.

CIVIL ACTION NO. 3:22-CV-01023

(MEHALCHICK, M.J.)

**MEMORANDUM**

Presently before the Court is a motion to appoint counsel and two amended complaints filed by *pro se* prisoner-Plaintiff Tashawn Hunter ("Hunter"), a prisoner incarcerated in the Monroe County Jail in Stroudsburg, Pennsylvania. (Doc. 7; Doc. 9; Doc. 10). Plaintiffs Tashawn Hunter and Madenah C. Morillo (collectively, "Plaintiffs") initiated this civil rights action by filing a complaint pursuant to 28 U.S.C. § 1331 against Defendants Lehigh Valley Mount Pocono Hospital, Doctor Sunny M. Kar, Security Kellie A. Lemley, and RN Katherine A. Kumi-Atiemo (collectively, "Medical Defendants") on June 30, 2022, asserting claims of medical negligence. (Doc. 1). Plaintiff Hunter filed two motions for leave to proceed *in forma pauperis* on June 30, 2022, and August 26, 2022, respectively.[1] (Doc. 2; Doc. 8). On August 26, 2022, Hunter filed a motion to appoint counsel and two amended complaints.[2] (Doc. 7; Doc. 9; Doc 10).

---

[1] The Court shall address the motions for leave to proceed *in forma pauperis* in a separate Order. (Doc. 2; Doc. 8).

[2] Liberally construing the amended complaints, it appears that these *pro se* filings attempt to reallege claims brought in the original complaint and to bring new claims against new Defendants East Stroudsburg police officers Ralphie Ortega, Christopher Washo, Robert Eberle, Charles Brown, Steven Cohen, and Ralph Overpeck (collectively, "Police Officer Defendants"). (Doc. 9, at 1-3). As such, the Court will address these amended complaints

The Court has conducted its statutorily-mandated screening of the amended complaints in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the amended complaints fail to state a claim upon which relief may be granted and grants Plaintiffs leave to file a second amended complaint. (Doc. 9; Doc. 10). In addition, the motion to appoint counsel shall be denied. (Doc. 7).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs, proceeding *pro se*, initiated the instant action on June 30, 2022, by filing the original complaint against Medical Defendants. (Doc. 1). On the same day, Plaintiff Hunter filed a motion for leave to proceed *in forma pauperis*, which was not accompanied by a copy of his Prisoner Trust Fund Account statement. (Doc. 2). The original complaint alleges "[o]n May 18, 2021, Plaintiffs were given medications intoxicating them with a lack of consent from Plaintiffs," and were "stripped of their belong[ings] without consent or being returned, also denied parental rights and violated Plaintiffs' right to privacy." (Doc. 1, at 2-3). In addition, the complaint contends "Plaintiffs were injured due to the carelessness and negligence in mis[s] diagnosing patient's defect/illness. Same day was also false[ly] imprisoned due to Hospital Staff calling police and having Tashawn K. Hunter arrested." (Doc. 1, at 3). Plaintiffs do not request any specific relief, instead alleging they "suffered a loss, and it seems fair that the careless tortfeasors whose negligence caused the harm should bear the burden of that loss." (Doc. 1, at 3). On August 5, 2022, the Court issued a thirty (30) day Administrative Order, requiring each Plaintiff to file a completed and signed application to proceed *in forma pauperis*, or pay the full filing fee of $402.00, on or before September 6, 2022. (Doc. 6). On

---

collectively pursuant to its statutorily-mandated screening function in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

August 26, 2022, Plaintiff Hunter filed a renewed certified motion for leave to proceed *in forma pauperis*, as well as an uncertified copy of his Prisoner Trust Fund Account Statement. (Doc. 8; Doc. 11). On the same day, Plaintiffs filed a motion to appoint counsel and two amended complaints. (Doc. 7; Doc. 9; Doc. 10).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) to screen the amended complaints and dismiss them if they fail to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Hunter is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

3

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully

5

pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

#### A. AMENDED COMPLAINTS

At the onset, Plaintiffs do not allege facts which can be reasonably inferred that the Court has subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). The court has an obligation to satisfy itself that it has subject-matter jurisdiction and the court may raise the issue *sua sponte. Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77–78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs appear to have filed the original complaint pursuant to 28 U.S.C. § 1331. (Doc. 1, at 1). The Court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, as noted *supra*, Plaintiffs did not plead any facts from which it can reasonably be inferred that they are

raising a claim under the Constitution, laws, or treaties of the United States. (Doc. 1, at 1-3). Therefore, the Court does not have subject-matter jurisdiction over Plaintiffs' original complaint. (Doc. 1, at 1-3).

In the amended complaints, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983. (Doc. 9; Doc. 10). "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman*, 422 F.3d at 146. Section 1983 requires "'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold,* 112 F.3d 682, 689 (3d Cir. 1997)).

In the first amended complaint, Plaintiffs assert new claims against Police Officer Defendants, simply stating:

> On May 18th 2021[, Police Officer Defendants] assaulted plaintiff by the assist of excessive use of force to effectuate and unlawful arrest/false imprisonment by arresting plaintiff for criminal trespassing at Lehigh Valley Pocono Hospital on May 18th 2021 around 1:00am after bring told to leave Hospital by defendants. Plaintiff told defendants "fuck you" and attempted to walk around defendants causing injury to plaintiff from the force used in retaliation of speech and to arrest unlawfully.

(Doc. 9, at 3-4).

As relief, Plaintiffs request an award of five million dollars. (Doc. 9, at 4). While Plaintiffs do not allege that Police Officer Defendants were acting under color of state law, it may reasonably be inferred that Police Officer Defendants were acting under color of law.

However, Plaintiffs do not state whether the claims are being brought pursuant to the Constitution, laws, or treaties of the United States. (Doc. 9, at 1-4). Therefore, the Court may have subject-matter jurisdiction over the first amended complaint pursuant to 42 U.S.C. § 1983, though it does not claim which rights Plaintiffs are seeking to protect. (Doc. 9).

In the second amended complaint, Plaintiffs reallege claims against Medical Defendants, stating:

> On May 18th 2021 at Lehigh Valley Hospital-Pocono[,] Nurse Katherine Kumi Atiemo injected plaintiff with pain killer medication around 12:30am without consent and refused to tell me the location of my daughter when asked. Her and defendant Michelle Benati called security around 1:00am and told them I'm being aggressive and that they was in fear for other patients safety. Doctor Sunny M. Kar was the admission provider with a lack of consent to treatment. Security was called as a result of this I was arrested for criminal trespass and further injured from force used to arrest.

(Doc. 10, at 3).

For relief, Plaintiffs again request an award of five million dollars. (Doc. 10, at 3). Plaintiffs have not alleged any facts from which it can be reasonably inferred that Medical Defendants were acting under color of law, nor have Plaintiffs plead any facts from which it can reasonably be inferred that they are raising a claim under the Constitution, laws, or treaties of the United States. (Doc. 10, at 1-3). Accordingly, the Court does not have jurisdiction over the second amended complaint pursuant to 28 U.S.C. § 1983. (Doc. 10).

Nevertheless, the amended complaints fail to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Plaintiffs fail to simply, concisely, and directly allege what his claims are and do not provide fair notice of the grounds on which his intended claims rest. See *Erickson*, 551 U.S. at 93. In the amended

complaints, there is no allegation of how Medical Defendants' or Police Officer Defendants' actions violated each Plaintiffs' individual rights or which rights Defendants specifically violated. (Doc. 21, at 1-2; Doc. 22, at 1-2; Doc. 23, at 1-2). Additionally, Plaintiffs only allege facts involving Defendants Kumi-Atiemo, Benati, and Kar. (Doc. 10, at 3). Plaintiffs do not allege facts involving any other Defendant, nor do the amended complaints state how each Defendant is personally involved in the alleged wrongdoings. (Doc. 9, at 1-4; Doc. 10, at 1-3).

Plaintiffs also run afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the amended complaints would not provide any meaningful opportunity for Medical Defendants or Police Officer Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. As such, Plaintiffs' amended complaints are subject to dismissal in their entirety for failure to state a claim upon which relief may be granted. (Doc. 9; Doc. 10).

B. MOTION TO APPOINT COUNSEL

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has the discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to

represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

Appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Here, Plaintiff Hunter asserts that appointment of counsel is necessary because: (1) he is unable to afford counsel; (2) his imprisonment will greatly limit his ability to litigate as the issues involved in this case are complex and will require significant research and investigation; (3) he does not have meaningful access to the Monroe County Jail's law library; and (4) he has not been able to retain counsel despite contacting three separate attorneys. (Doc. 7, at 1). On the record presently before the Court, application of the *Tabron* factors weighs in favor of denying Hunter's application for appointment of counsel at this time.

In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron,* 6 F.3d at 156. Hunter has thus far demonstrated an ability to adequately litigate this case, as he filed the complaint, two motions for leave to proceed *in forma pauperis*, the motion to appoint counsel, and two amended complaints. (Doc. 1; Doc. 2 Doc. 7; Doc. 8; Doc. 9; Doc. 10); *see Montgomery,* 294 F.3d at 499. Hunter "has shown he sufficiently understands court procedure" and has the apparent ability to comprehend the legal issues and litigate this action thus far. *Daughtry v. Kauffman, et al.*, No. 3:17-CV-0442, 2019 WL 118600, at *4 (M.D. PA. Jan. 7, 2019). However, Hunter's limited law library access slightly tips the balance in his favor for the first *Tabron* factor. *See* 6 F.3d at 156. In addition, the fourth *Tabron* factor, Hunter's ability to retain counsel on his own, also weighs in favor of granting the motion because Hunter's *in forma pauperis* status demonstrates that he is unable to afford an attorney. (Doc. 4); *see Tabron,* 6 F.3d at 156.

However, the remaining *Tabron* factors weigh against appointing counsel. There is no indication that Hunter is unable to present his case and the legal issues do not appear to be

11

particularly difficult or complex. (Doc. 1; Doc. 9; Doc. 10). Because "most of" the *Tabron* factors have not been met at this time, coupled with this Court's duty to construe *pro se* pleadings liberally, Hunter's claims weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Daughtry*, 2019 WL 118600, at *5 (citation omitted) (denied motion to appoint counsel where plaintiff successfully presented arguments, obtained relevant records to support his claims, and independently attempted to obtain counsel without success). Accordingly, Hunter's motion to appoint counsel is denied. (Doc. 7).

### C. Leave to Amend

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the amended complaints in their current form do not clearly set forth any claims against Medical Defendants or Police Officer Defendants, dismissal is warranted. However, so as to preserve Plaintiffs' rights as *pro se* litigants, the Court will allow them to file a final, unified, legible second amended complaint setting forth their factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Plaintiffs are advised that the second amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The second amended complaint must also establish the existence of specific actions taken by Defendants which have resulted in identifiable constitutional violations, to the extent Plaintiffs intend to bring a civil rights action under 42 U.S.C. § 1983. Further, Plaintiffs are cautioned that they must comply with

Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims they intend to assert and the factual grounds upon which they rest. The second amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

IV. **CONCLUSION**

Based on the foregoing reasons, Hunter's motion to appoint counsel is **DENIED** without prejudice. (Doc. 7). In addition, Plaintiffs' amended complaints are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 9; Doc. 10). The Court grants Plaintiffs leave to file a second amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum Opinion, on or before **Wednesday, October 12, 2022**.

An appropriate Order follows.

BY THE COURT:

Dated: September 12, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**