UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHAWN HUNTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LEHIGH VALLEY MOUNT POCONO HOSPTIAL, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:22-CV-01023 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court are two second amended complaints filed by *pro se* prisoner-Plaintiff Tashawn Hunter ("Hunter"). (Doc. 18; Doc. 19). Plaintiffs Tashawn Hunter and Madenah C. Morillo ("Morillo") (collectively, "Plaintiffs") initiated this civil rights action by filing a complaint pursuant to 28 U.S.C. § 1331 on June 30, 2022. (Doc. 1). The amended complaints name Defendants Lehigh Valley Mount Pocono Hospital, Doctor Sunny M. Kar, Security Kellie A. Lemley, and RN Katherine A. Kumi-Atiemo (collectively, "Medical Defendants"), East Stroudsburg police officers Ralphie Ortega, Christopher Washo, Robert Eberle, Charles Brown, Steven Cohen, and Ralph Overpeck (collectively, "Police Officer Defendants"), Autumn Kuibicki, and Progressive Insurance Company. (Doc. 18; Doc. 19).

The Court has conducted its statutorily-mandated screening of the amended complaints in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the second amended complaints fail to state a claim upon which relief may be granted. (Doc. 18; Doc. 19).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs, proceeding *pro se*, initiated the instant action on June 30, 2022, by filing the original complaint against Medical Defendants and a motion to for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 2). On August 26, 2022, Hunter filed a motion to appoint counsel, a second motion for leave to proceed *in forma pauperis*, and two proposed amended complaints against Medical Defendants and Police Officer Defendants. (Doc. 7; Doc. 8; Doc. 9; Doc. 10). On September 12, 2022, the Court granted Hunter's motions to proceed *in forma pauperis* and directed Morillo to either pay the required filing fee or file a properly completed application to proceed *in forma pauperis* on or before October 12, 2022. (Doc. 12). On the same day, the Court conducted its statutorily mandated screening of the amended complaints, finding that they failed to state a claim upon which relief may be granted and granting Plaintiffs leave to file a second amended complaint. (Doc. 13; Doc. 14). On October 6, 2022, Hunter filed a motion for extension of time to file an amended complaint to add new defendants and give Morillo more time to complete an application to proceed *in forma pauperis*. (Doc. 15). The Court granted the motion for extension of time on October 19, 222. (Doc. 16). On November 8, 2022, the Court's Order was returned as undeliverable with the mark "Individual Released/Transferred." (Doc. 17). The Order was returned as undeliverable. (Doc. 5). The Court, via the Pennsylvania Department of Corrections inmate locator, has verified that Owens is currently incarcerated in the State Correctional Institute at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania. *See* http://inmatelocator.cor.pa.gov/#/ (last visited Nov. 16, 2022).

On November 9, 2022, Hunter filed the two second amended complaints. (Doc. 18; Doc. 19). As of the date of this Memorandum, Morillo has not responded to the Court's Order

and the second amended complaints do not purport to set forth claims on behalf of Morillo. Liberally construing the second amended complaints, it appears that these *pro se* filings attempt to reallege claims brought in the original and amended complaints and to bring new claims against new Defendants. (Doc. 18; Doc. 19). As such, the Court will address these second amended complaints collectively pursuant to its statutorily-mandated screening function in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and dismiss them if they fail to state a claim upon which relief may be granted.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. See 28 U.S.C. § 1915(e)(2). In this case, because Hunter is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

3

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully

pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.   DISCUSSION

#### A.   PLAINTIFF MORILLO

Co-Plaintiff Morillo has not filed a completed application to proceed *in forma pauperis* or paid the required filing fee and has not signed the second amended complaints. As of the date of this Memorandum, Morillo has not responded to the Court's Orders or otherwise litigated this case. The Court notified Morillo that failure respond to the Court's Orders will result in her being dismissed from the above-captioned action without prejudice. (Doc. 6; Doc. 12). Accordingly, the Court will dismiss Morillo as Plaintiff at this time. *See Dudley v. Clark,* No. 1:19-CV-1546, 2019 WL 5191097, at *1 (M.D. Pa. Oct. 15, 2019) (dismissing co-plaintiffs for failure to pay filing fee or submit motions for leave to proceed *in forma pauperis*, and failure to sign complaint). Morillo is directed, one final time, to file a complete application to proceed *in forma pauperis* or pay the required filing fee, and properly sign the third amended complaint if he intends to proceed with this action.

#### B.   THE SECOND AMENDED COMPLAINTS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The second amended complaints fail to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted.

In the second amended complaints, Hunter asserts claims pursuant to 42 U.S.C. § 1983. (Doc. 18; Doc. 19). "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman,* 422 F.3d at 146. Section 1983 requires "'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold,* 112 F.3d 682, 689 (3d Cir. 1997)).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, respondeat superior cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677. And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr,* 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Hunter asserts claims against Police Officer Defendants alleging that on May 18, 2021, Police Officer Defendants used excessive/unreasonable force in an unlawful arrest in violation of Hunter's First, Fourth, and Eighth Amendment rights. (Doc. 18, at 1). Hunter

7

contends Police Officer Defendants were acting under color of state law and seeks $75,000 from each Police Officer Defendant for the alleged violations, plus pain and suffering. (Doc. 18, at 1-2). In addition, Hunter asserts new claims against Autumn Kuibicki for allegedly "caus[ing] injury to [Hunter] by involvement in car accident," claims against Progressive Insurance Company for "liability of [Hunter]'s injuries and car damages." (Doc. 19, at 1). As relief, Hunter seeks monetary damages in the amount of $20,000 from Kuibicki and $60,000 from Progressive Insurance Company. (Doc. 19, at 1). Finally, Hunter asserts claims against Medical Defendants for events that took place on May 18, 2022, including illegally seizing his personal belongings, violation of his right to deny medical treatment, mental anguish, and invasion of privacy. (Doc. 19, at 2). Hunter claims Medical Defendants were acting under color of state law and seeks $75,000 from each Medical Defendant for the alleged violations, plus pain and suffering. (Doc. 19, at 2).

      Here, the second amended complaints do not contain sufficient allegations to show that Defendants were personally involved in the alleged violations of Hunter's rights. The pleadings so not allege what actions Police Officer Defendants took or how they assisted in or acquiesced in the violation of his rights. Nor do the pleadings allege what actions Kuibicki and Progressive Insurance Company took in order to be subject to liability in this case. Finally, the pleadings do not set forth sufficient factual allegations to discern the actions that Medical Defendants took which violated Hunter's constitutional rights. Accordingly, the second amended complaints fail to allege the personal involvement of Defendants and, thus, fails to state a claim upon which relief may be granted.

      The second amended complaints also fail to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Hunter has filed two separate proposed second amended complaint where there may only be one operative complaint. Even when liberally construed as is necessary for *pro se* complaints, Hunter fails to simply, concisely, and directly allege what his claims are and do not provide fair notice of the grounds on which his intended claims rest. *See Erickson*, 551 U.S. at 93. The claims in the second amended complaints are not set forth in one document, in number paragraphs, limited to a single set of circumstances. Nor are the complaints divided into counts through separate counts that would promote clarity. (Doc. 18, at 1-2; Doc. 19, at 1-2).

Hunter also runs afoul of Rule 8(a)(2)'s basic tenet that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Here, the failure to comply with the above-mentioned requirements as to form has led to substantive defects: It is unclear from the second amended complaints whether Hunter is attempting to present claims on his own behalf, and it is unclear what actions Defendants allegedly took regarding Hunter's claims. (Doc. 18; Doc. 19). Thus, in its current form, the second amended complaints would not provide any meaningful opportunity for Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. As such, Hunter's second amended complaints are subject to dismissal in their entirety for failure to state a claim upon which relief may be granted. (Doc. 18; Doc. 19).

C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the second amended complaints in their current form do not clearly set forth any claims against Defendants, dismissal is warranted. However, so as to preserve Plainitffs' rights as a *pro se* litigant, the Court will allow them to file a **single, final, unified, legible** third amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Plaintiffs are advised that the third amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The third amended complaint must also establish the existence of specific actions taken by Defendants which have resulted in identifiable constitutional violations, to the extent Hunter intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Plaintiffs are cautioned that they must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The third amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a third amended complaint in accordance with the aforementioned requirements will result in the dismissal of this action in its entirety.**

IV. **CONCLUSION**

Based on the foregoing reasons, the second amended complaints are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 18; Doc. 19). In addition, Morillo is directed to file a complete application for *in forma pauperis* status, or pay the filing fee in full. Plaintiffs are **GRANTED** leave to file a single, final, third amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum Opinion, on or before **Friday, February 3, 2023**.

An appropriate Order follows.

BY THE COURT:

**Dated: January 4, 2023**              *s/ Karoline Mehalchick*
              **KAROLINE MEHALCHICK**
              **Chief United States Magistrate Judge**