UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TASHAWN HUNTER,** | : | CIV. NO. 3:22-CV-1023 |
| | : | |
| **Plaintiff,** | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **LEHIGH VALLEY MOUNT POCONO HOSPITAL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who is proceeding *pro se*, has filed a motion to amend his complaint. (Doc. 46). However, this motion is not accompanied by any proposed amended complaint, as required by Local Rule 15.1, which provides as follows:

**LR 15.1 Amended Pleadings.**

**(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for

1

the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

**(b) Highlighting of amendments.**

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

As we have observed in the past:

Compliance with Local Rule 15.1 and the submission of a proposed amended complaint is essential to any informed consideration of a motion to amend a complaint. As we have observed: "[t]he Court cannot determine whether amendment would be futile in this case unless the plaintiffs follow Local Rule 15.1" and provide the proposed amended complaint for our review. Williams v. City of Scranton, No. 3:10-CV-388, 2011 WL 1257942, at *3 (M.D. Pa. Mar. 30, 2011). Therefore, when plaintiffs have moved to amend their complaint, without complying with Local Rule 15.1 and providing the court with a copy of the actual proposed amended complaint, our practice has been to deny the motion and order compliance with the Local Rule. See e.g., Glunk v. Pennsylvania State Bd. of Med., No. 1:14-CV-659, 2015 WL 999135, at *1 (M.D. Pa. Mar. 5, 2015); Ulrich v. Corbett, No. 1:14-CV-0919, 2014 WL 3339566, at *1 (M.D. Pa. July 8, 2014); Braddy Robinson v. Hilton Scranton Hotel & Conference Ctr., No. CIV.A. 3:08-CV-0286, 2008 WL 4425281, at *1 (M.D. Pa. Sept. 24, 2008); Day v. Hilton Scranton Hotel & Conference Ctr., No. CIV.A. 3:08-CV-0288, 2008 WL 4425283, at *1

(M.D. Pa. Sept. 24, 2008). This practice, in turn, has been expressly endorsed by the court of appeals, which has observed that "the District Court's determination to deny leave to amend for an abuse of discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). Here, the District Court denied leave to amend because [the plaintiff] failed to comply with ... Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion. Failure to supply a draft amended complaint is an adequate basis for denying leave to amend." Brooks-McCollum

Barlow v. Bank of Am., N.A., No. 1:14-CV-895, 2015 WL 11492570, at *2 (M.D. Pa. Apr. 16, 2015), report and recommendation adopted, No. 1:14-CV-895, 2015 WL 11492572 (M.D. Pa. May 12, 2015). Guided by these settled principles, since this motion to amend violates Local Rule 15.1, IT IS ORDERED as that the plaintiff's motion to amend, (Doc. 46), is DENIED without prejudice.

SO ORDERED, this 20th day of November 2023.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge