## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASHAWN HUNTER, | : | CIV. NO. 3:22-CV-1023 |
| | : | |
| **Plaintiff,** | : | **(Judge Saporito)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| LEHIGH VALLEY MOUNT POCONO | : | |
| HOSPITAL, et al., | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

This matter comes before the Court for consideration of a motion for appointment of counsel for the plaintiff, a *pro se* prisoner litigant, and a request to stay this case. (Doc. 138).

The plaintiff, a state inmate, makes these requests at a time when it is alleged that he is default on his obligations as a litigant in that he has failed to produce discovery despite being admonished on numerous occasions to comply with court orders directing him to support his case through the disclosure of evidence sought in discovery. Hunter also makes this request even though he has chronically neglected to keep us informed regarding his whereabouts.

This motion will be DENIED. While we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a

1

constitutional nor a statutory right to counsel for civil litigants.   Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).   Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis.   Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457.There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in

the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been emphasized that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . ..  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the threshold factor we must examine: the arguable merits of the plaintiff's remaining claims which are the subject of on-going discovery disputes resulting from the plaintiff's alleged failure to obey court orders. Moreover,

appointing counsel for Hunter, a plaintiff who has repeatedly ignored court orders, would in essence reward his bad behavior. In any event, the issues in this case appear to be well known to the plaintiff. Therefore, appointment of counsel for this delinquent *pro se* litigant seems unwarranted.

As for Hunter's request to stay this four year old case while he serves various criminal justice sentences, decisions regarding stays rest in our sound direction and are guided by the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Fouad v. Milton Hershey Sch. & Tr., No. 1:19-CV-253, 2020 WL 4206187, at *2 (M.D. Pa. July 22, 2020) (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991)). Here in our view Hunter has not yet shown a likelihood of success on the merits, given his refusal to comply with discovery orders, and the defendants are clearly prejudiced by any further delay in this prolonged litigation. Therefore, granting a stay to a non-compliant litigant would be inappropriate and we will decline this request.

Taking all of these factors into account IT IS ORDERED as follows:

1. Hunter's motion to appoint counsel and for a stay (Doc 138), is DENIED

at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

2. The clerk will update Hunter's reported mailing address to:

   SCI Greene, 169 Progress Drive, Waynesburg, Pa. 15370

3. In light of this updated address, the Report and Recommendation relating to the plaintiff's failure to provide a valid mailing address (Doc. 135) is WITHDRAWN, but:

4. The plaintiff is ORDERED to show cause why this case should not be dismissed for failure to prosecute on or before **July 20, 2026**.

SO ORDERED, this 1st day of July 2026.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge